UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

4 ZONE 180 LLC, et al.,

     Plaintiffs,

     v.

CHARLES JONES, et al.,

     Defendants.

Case No. 2:24-CV-452-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on several motions. Defendants Charles Jones and Sharon Jones filed their Motion to Compel Arbitration at [DE 17], and their Memorandum in Support at [DE 18]. Plaintiffs responded at [DE 21]; Defendants Charles Jones and Sharon Jones replied at [DE 27]. Defendant Synergetic Heroes filed their Motion to Compel Arbitration at [DE 33] and Plaintiffs responded at [DE 42]; Defendant Synergetic Heros did not reply. Defendants Gary Community Investment Group and Synergetic Heroes together filed an Amended Motion to Compel Arbitration at [DE 47], but Plaintiffs did not respond. The Court held a hearing on March 18, 2026, to further vet out the parties' arguments, and is now ready to rule.

*Background*

Plaintiffs 4-Zone and Alexandra Garcia bring this action arising from an allegedly fraudulent real estate investment scheme orchestrated by Defendants, including Gary Community Investment Group, LLC and its affiliates, Defendants Synergetic Heroes, LLC, and Synergetic Heroes Foundation Corporation. [DE 1]. Plaintiffs were induced to loan money to Defendants based on allegedly false representations that the funds would be used to purchase and develop properties in Gary, Indiana, as part of a larger community improvement project. [*Id.*].

Instead, Defendants allegedly used the funds for their own benefit. Plaintiffs allege that Defendant Charles Jones caused Gary Community Investment Group's borrowed funds to be used to purchase property that was supposed to be held in Gary Community Investment Group's name but instead was recorded in the names of the Synergetic Entities, Jones's name individually, or Sharon Jones's name, without any consideration to Gary Community Investment Group, all for the purpose of avoiding and preventing attachment and execution by creditors, including the Plaintiffs. [*Id.*].

*Legal Standard*

Under the Federal Arbitration Act, if "the parties have an arbitration agreement and the asserted claims are within its scope," the court must compel arbitration and stay the case. *Versmesse v. Sonic Auto., Inc.*, 2025 U.S. Dist. LEXIS 222462, at *4–5 (N.D. Ind. Nov. 10, 2025) (citing *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)); *see also Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). This district has noted the following:

> While "[t]he FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet[,] ... courts that have addressed the question have analogized the standard to that required of a party opposing summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure: the opposing party must demonstrate that a genuine issue of material fact warranting a trial exists."

*Versmesse*, 2025 U.S. Dist. LEXIS 222462, at *5 (quoting *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (citing cases)); *see also Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 725 (N.D. Ill. 2017); *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). "Generally, federal policy favors arbitration, and once an enforceable arbitration contract is shown to exist, questions as to the scope of arbitrable issues should be resolved in favor of arbitration." *Versmesse*, 2025 U.S. Dist. LEXIS 222462, at *5 (citing *Scheurer v. Fromm Fam.*

2

*Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017)); s*ee also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

*Discussion*

Plaintiffs' response to Defendants Charles Jones and Sharon Jones at [DE 21] contained only three paragraphs of substantive argument. Plaintiffs argue that because Defendants Charles Jones and Sharon Jones failed to include the contract containing the arbitration clause with their Motion to Compel Arbitration at [DE 17], that "there technically is no arbitration clause at issue." [DE 21, Page 2]. However, Plaintiffs' very next line reads, "if the Defendants are referring to the loan agreement attached as Exhibit 1 to the complaint (Dkt 1-1)…." [*Id.*]. It is clear that Plaintiffs are aware of the arbitration clause at issue, and for that reason, this Court will not penalize Defendants Charles Jones and Sharon Jones for failing to include it with their Motion.

Plaintiffs next argue that because Defendants Charles Jones and Sharon Jones are not themselves parties to the arbitration agreement, neither can compel arbitration. [*Id.*]. Strangely, Plaintiffs' own filings contradict this argument.

> Plaintiffs are informed and believe and based thereon allege the following: there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Jones, GCIG, Synergetic Heroes and Synergetic Heroes Foundation Corporation (collectively, the "Jones Entities") such that any individuality and separateness between Jones and the Jones Entities, and each of them, have ceased, and each of the Jones Entities was, at all relevant times, and is the alter ego of Jones in that Jones transferred funds to and from the Jones Entities for unauthorized transactions and he generally used the Jones Entities' borrowed funds and assets for his personal uses and/or to defraud third parties, and caused the companies' assets to be transferred to him or the other Jones Entities without adequate consideration. Further, Jones completely controlled, dominated, managed, and operated the Jones Entities and intermingled the assets of each to suit Jones's convenience by placing the assets of one of the Jones Entities in the possession,

3

custody, or control of a different Jones Entity in order to evade payment of the obligations owed to creditors of GCIG, and to defraud the plaintiffs herein.

[DE 1, Page 3–4]. Plaintiffs cannot argue that Defendant Charles Jones is not a party to the arbitration after alleging that any separateness between Defendant Charles Jones and Defendants Gary Community Investment Group, Synergetic Heroes and Synergetic Heroes Foundation Corporation has ceased to exist and that each of those companies are just operating as an alter ego of Defendant Charles Jones.

Moreover, in Plaintiffs' Opposition to Defendant Synergetic Heroes' Motion to Compel, they argue "if the Court refuses to set aside the defaults against **Charles and Sharon Jones** then they do not have a right to file any pleadings, motions or other documents." [DE 42, Page 2 (emphasis added)]. Here again, Plaintiffs appear to be advancing the theory that any separateness between Defendant Charles Jones and the entities affiliated with him has ceased to exist, such that the default against Defendants Charles Jones and Sharon Jones would prevent Defendant Synergetic Heroes from filing motions. The Court remains unpersuaded that Defendant Charles Jones is not a party to the arbitration agreement, especially given the fact that Defendant Charles Jones signed as the representative of Defendants Gary Community Investment Group.

Plaintiffs' remaining arguments in [DE 21] were regarding the defaults against Defendants Charles Jones and Sharon Jones, which are now moot because the Court set aside those defaults at [DE 48], and forum shopping, which was resolved at the hearing on March 18, 2026.

In Plaintiffs' Opposition to Defendant Synergetic Heroes' Motion to Compel, [DE 42], they advance arguments virtually identical to the ones in [DE 21]. Plaintiffs reiterated their arguments about Defendants Charles Jones and Sharon Jones' default, failure to attach the

4

contract, not being parties to the contract, and forum shopping. [DE 42]. Because these arguments were analyzed above, the Court will not reanalyze them here.

Plaintiffs advanced two arguments at the hearing which were not included in their briefing and which merit discussion. First, Plaintiffs argued that each of the Defendants waived their ability to enforce the arbitration clause because they filed an answer to the Complaint. This is misplaced. Seventh Circuit courts have routinely held that "participating in preliminary stages of litigation, alone, is not sufficient to waive the Defendants' right to arbitrate this dispute." *O'Neal v. Discovery Ind. Emp., LLC*, 2025 U.S. Dist. LEXIS 140877, at *6–7 (N.D. Ind. Jul. 23, 2025). *See, e.g., Cerna v. Prestress Servs. Indus. LLC*, 2011 U.S. Dist. LEXIS 53527, 2011 WL 1884547, at *10 (N.D. Ind. May 18, 2011) (noting defendant's removal to federal court and answer, which included the arbitration requirement as a defense, over a six-month period, did not establish waiver); *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 965 (N.D. Ill. 2013) (finding the totality of the circumstances did not show waiver, where defendant filed its answer, issued a Rule 68 offer of judgment, co-produced and filed a joint status report, appeared before the Court for a status hearing, and participated in initial discovery before seeking arbitration). This is especially true where each of the Defendants filed Motions to Compel Arbitration before filing their answers.

Second, Plaintiffs argued that the Convertible Loan Agreements and Promissory Notes are separate and distinct contracts, and that as a result, the arbitration clause in the Convertible Loan Agreements cannot be enforced against the Promissory Notes. The Court is not convinced.

The title of the document is "Convertible Loan Agreement and Promissory Note." [DE 1-1, Pages 2, 11]. The Promissory Notes, which the Plaintiffs seek to enforce, have a heading which reads "Appendix A to Convertible Loan Agreement". [DE 1-1, at 7, 16]. The fact that the

titles reference each other weigh in favor of the agreements incorporating each other and existing as one contract. Furthermore, the Promissory Notes lack a dispute resolution clause, whereas the Convertible Loan Agreement contains one: the arbitration agreement. Presumably, if they were separate contracts, the Promissory Notes would contain their own dispute resolution clause. Finally, the pages are numbered in the bottom right-hand corner, and continue from the Convertible Loan Agreement into the Promissory Note without starting over at "1." [DE 1-1 at 6–7, 15–16].

Even if this evidence were insufficient, the agreements were signed on the same day, and relate to the same transaction and subject-matter. [DE 1-1 at 2, 9]. The contemporaneous document doctrine provides that "[i]n the absence of anything to indicate a contrary intention, writings executed at the same time and relating to the same transaction will be construed together in determining the contract." *HLH Consulting LLC v. Burd Auto., Inc.*, 146 N.E.3d 1051, 1057 (Ind. Ct. App. 2020) (quoting *Lily, Inc. v. Silco*, LLC, 997 N.E.2d 1055, 1068 (Ind. Ct. App. 2013), *trans denied*). "In addition to being executed at the same time, the writings must relate 'to the same transaction or subject-matter' to be construed together as a contract." *Id.* (citing *Est. of Spry v. Greg & Ken, Inc.*, 749 N.E.2d 1269, 1274 (Ind. Ct. App. 2001)). The Convertible Loan Agreements and Promissory Notes easily satisfy this test.

Plaintiffs failed to meet their burden to oppose the Motions to Compel. As stated previously,

> While "[t]he FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet[,] ... courts that have addressed the question have analogized the standard to that required of a party opposing summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure: the opposing party must demonstrate that a genuine issue of material fact warranting a trial exists."

*Versmesse*, 2025 U.S. Dist. LEXIS 222462, at *5 (quoting *Tinder*, 305 F.3d at 735). Plaintiffs failed to provide this Court with evidence to support their position that the agreements were intended to operate separately, and otherwise failed to provide this Court with legal authority supporting their positions.

Under the FAA, if "the parties have an arbitration agreement and the asserted claims are within its scope," the court must compel arbitration and stay the case. *Versmesse*, 2025 U.S. Dist. LEXIS 222462, at *4–5 (citing *Sharif*, 376 F.3d at 726). For the foregoing reasons, the Court will enforce the arbitration clause in this matter. Because Defendant Charles Jones signed both the Convertible Loan Agreements and the Promissory Notes on behalf of Gary Community Investment Group, and because Plaintiffs allege that separateness has ceased to exist between the two identities, Defendants Charles Jones and Gary Community Investment Group will both be ordered to arbitration with Plaintiffs. This case will be stayed pending resolution of that matter.

*Conclusion*

The Court GRANTS Defendants Charles Jones and Sharon Jones Motion to Compel Arbitration at [DE 17], but orders only Defendant Charles Jones to arbitration with Plaintiffs. The Court DENIES Defendant Synergetic Heros Motion to Compel Arbitration at [DE 33] because they are not party to the contract or arbitration clause. The Court GRANTS IN-PART Defendants Gary Community Investment Group and Synergetic Heroes Amended Motion to Compel Arbitration at [DE 47], but orders only Gary Community Investment Group to arbitration with Plaintiffs. The Clerk is directed to STAY this case pending the resolution of the arbitration matter.

SO ORDERED.

ENTERED: March 25, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court